### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTONIO SPIZZIRRI JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-03839 |
| ) | |
| ) | Honorable Judge Sharon Johnson Coleman |
| PNC BANK, N.A, and SAFEGUARD ) | |
| PROPERTIES MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT SAFEGUARD PROPERTIES MANAGEMENT, LLC'S RULE 12(b)(6) MOTION TO DISMISS COUNT VII OF PLAINTIFF'S COMPLAINT

Now comes defendant, SAFEGUARD PROPERTIES MANAGEMENT, LLC, by and through its attorneys, Tribler Orpett & Meyer P.C., and for its motion to dismiss Count VII of ANTONIO SPIZZIRRI, JR's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) states as follows:

### INTRODUCTION

Antonio Spizzirri, Jr. is attempting to assert various causes of against Safeguard Properties Management, LLC ("Safeguard") and PNC Bank, N.A. ("Co-Defendant") in its Complaint, filed on June 30, 2020. (Dkt. #1). In the six counts filed against Safeguard, Plaintiff asserts claims for (1) Intentional Infliction of Emotional Distress; (2) Intrusion Upon Seclusion; (3) common law trespass; (4) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 805 ILCS 505, et. seq.; (5) conversion; and (6) negligence. These claims stem from, *inter alia,* alleged entries into Mr. Spizzirri's home by Safeguard from late July, 2018, through March 16, 2019. For the reasons stated herein, Count VII of the Complaint for negligence must be dismissed with prejudice because Plaintiff was owed no duty by Safeguard.

## FACTS

### I. Introduction

Plaintiff alleges that he owned the property located at 5725 Riviera Boulevard, Plainfield, Illinois 60586 ("Property") originally secured by a mortgage in 2007. On March 6, 2015, Plaintiff refinanced an existing loan secured by the Property by executing a mortgage ("Mortgage") in favor of PNC. (Complaint, ¶ 13).

The Complaint alleges that on or about August 1, 2018, Plaintiff visited the Property to find that he was unable to gain access to the home due to a lockbox placed on the door. (Complaint, ¶ 26). Plaintiff also alleges that on this date, he discovered that his supplies, tools, collectibles and mementos were missing from the Property. (Complaint, ¶ 29). Upon making this discovery, Plaintiff contacted PNC on August 1, 2018 to inform them of his findings. (Complaint, ¶ 30). The Complaint further alleges that soon after November 8, 2018, Plaintiff found water in the basement at the Property and discovered that the sump pump was unplugged. (Complaint, ¶46). Plaintiff alleges that as a result of the purported flooding and resulting damage, he was forced to remove the Property from the real estate market. (Complaint, ¶ 56). Additionally, Plaintiff alleges that Safeguard "winterized" the Property despite his own previous winterization activities. (Complaint, ¶¶ 47-48). Plaintiff filed this action against Safeguard on June 30, 2020.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require a plaintiff to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). "[N]aked assertions devoid of further factual enhancement" that are merely consistent with a violation of law do not satisfy this standard. *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted). Instead, a plaintiff must allege facts

that establish a claim to relief that is plausible on its face and which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Allegations that are "consistent with" liability but which have "more likely explanations" do not plausibly state claims for relief. *Id*. at 678-79.

## ARGUMENT

I. **COUNT VII OF THE COMPLAINT DIRECTED AGAINST SAFEGUARD ASSERTING A CLAIM FOR NEGLIGENCE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF WAS NOT OWED A DUTY BY SAFEGUARD.**

This Court must dismiss Count VII of the Complaint attempting to plead negligence because Plaintiff has not, and is unable, to plead a recognized legal duty against Safeguard. It is well-established that "[t]o prove a defendant's negligence under Illinois law, a plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Hutchison v. Fitzgerald Equip. Co.*, *Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018). While a duty is not created automatically, "[e]very person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act." *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1097 (Ill. 2012).

Count VII must be dismissed because at no point in time did Safeguard exercise control or dominion over the Property or Plaintiff's personal property as alleged in the Complaint. (Complaint, ¶ 134). Further, Plaintiff fails to allege with any detail how Safeguard breached its purported duty. Plaintiff propounds general allegations that Safeguard failed to secure the Property, violated the law, failed to follow its own formalized procedures, and failed to use reasonable care when securing the property (Complaint, ¶ 137). Nevertheless, Plaintiff does not allege how Safeguard failed to secure the Property, what law Safeguard purportedly violated, what formalized procedures Safeguard failed to follow, or how Safeguard failed to

use reasonable care when it secured the property. Plaintiff only raises broad and unsupported allegations concerning the loss of personal property as a result of Safeguard's alleged negligence. Plaintiff fails to raise any allegations concerning how Safeguard proximately caused the resulting loss of property, the necessary legal relationship between plaintiff and Safeguard, or additional facts which would support a legal duty between plaintiff and Safeguard to establish a negligence claim.

Plaintiff is unable to assert a cause of action for negligence against Safeguard. Safeguard did not owe a duty to Plaintiff nor could it be the proximate cause of the damages alleged. Plaintiff has failed to allege, and is unable to prove, any of the four elements required to sustain an action for negligence. Accordingly, Count VII of the Complaint against Safeguard for negligence must be dismissed with prejudice as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Safeguard Properties Management, LLC, respectfully requests that the Court dismiss Count VII of Plaintiffs Complaint.

> Respectfully submitted,
>
> TRIBLER ORPETT & MEYER, P.C.
>
> By: s/Panos T. Topalis
>      One of defendant's attorneys

Panos T. Topalis, Esq. ARDC #6202025
Kevin J. Grigsby, Esq. ARDC #6332750
pttopalis@tribler.com
kjgrisby@tribler.com
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of Safeguard Properties Management, LLC's Rule 12(b)(6) Motion to Dismiss Count VII of Plaintiff's Complaint was served upon:

**Attorney for Plaintiff**
Joseph Scott Davidson, Esq.
Mohammed Omar Badwan, Esq.
Victor Thomas Metroff, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com

**Attorney for Defendant**
Amelia Susan Newton, Esq.
Clark Hill PLC
130 East Randolph Street
Suite 3900
Chicago, IL 60601
(312) 385-5900
Email: anewton@clarkhill.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, prior to 5:00 p.m. on the 24th day of August, 2020, with proper postage prepaid.

              s/Panos T. Topalis
              an Attorney