UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SPIZZIRRI, JR., <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A. and SAFEGUARD PROPERTIES MANAGEMENT, LLC, <br><br> Defendants. | Case No: 1:20-cv-03839 <br><br> Honorable Judge Sharon Johnson Coleman |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Plaintiff ANTONIO SPIZZIRRI, JR. ("Plaintiff"), by and through his undersigned counsel, responding to Defendant SAFEGUARD PROPERTIES MANAGEMENT, LLC'S ("Safeguard") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Safeguard's Motion") as follows:

**INTRODUCTION**

The alleged facts in this case are appalling and every homeowner's worst nightmare. Without notice or an appropriate court order, Safeguard forcefully broke into Plaintiff's property, improperly performed "property preservation" services that resulted in significant water damage, and stole Plaintiff's personal property. Not surprisingly, Safeguard's conduct has and continues to traumatize Plaintiff to this day.

Safeguard's Motion seeks dismissal of Plaintiff's negligence claim (Count VII), one of the six claims asserted against Safeguard. Safeguard's Motion lacks merit as it blatantly ignores the detailed factual allegations in Plaintiff's Complaint that give rise to Plaintiff's negligence claim. Simply put, Safeguard's Motion demonstrates Safeguard's miscomprehension of the applicable legal standard at the pleading stage. Reading like a summary judgment brief without supporting

1

evidence, Safeguard's Motion improperly asks the Court to make evidentiary determinations at the pleading stage. For the reasons set forth below, Safeguard's Motion must be denied as a matter of law.

## BACKGROUND

On March 6, 2015, Plaintiff executed a mortgage ("Mortgage") and note ("subject loan") in favor of co-defendant PNC Bank, N.A. ("PNC") to refinance an existing mortgage loan secured by Plaintiff's property located at 5725 Riviera Boulevard, Plainfield, Illinois ("Property"). (Compl. ¶¶12-13.) In 2016, Plaintiff moved out of the Property after purchasing a new home to accommodate his growing family. (*Id.* at ¶15.) Despite moving out of the Property, Plaintiff left a significant amount of personal property in the Property. (*Id.* at ¶16.)

In December 2017, while current on the subject loan, Plaintiff contacted PNC regarding hardship assistance as he was having trouble keeping up with the payments on the subject loan. (*Id.* at ¶¶17-19.) PNC informed Plaintiff that he would not qualify for any hardship assistance unless he was two months delinquent on the subject loan. (*Id.* at ¶18.) After defaulting on the subject loan, Plaintiff listed the Property for sale. (*Id.* at ¶20.) While the Property was listed for sale, Plaintiff made frequent visits to the Property, maintained utility services, and kept the Property in good condition to preserve its habitability and marketability. (*Id.* at ¶21.) At all times relevant, the Property was furnished and well maintained. (*Id.* at ¶23.) Importantly, Plaintiff remained in constant contact with PNC during the time the Property was listed for sale and PNC and Safeguard had actual knowledge that Plaintiff was in the process of selling the Property. (*Id.* at ¶¶22, 59.)

On June 22, 2018, PNC initiated mortgage foreclosure proceedings against Plaintiff and the Property. (*Id.* at ¶24.) On or about July 31, 2018, PNC issued work orders to Safeguard to

perform property preservation services at the Property. (*Id.* at ¶25.) On or about August 1, 2018, Plaintiff and his contractors visited the Property and discovered that the locks to the Property were changed and that the garage door opener was not working (*Id.* at ¶26.) As a result, Plaintiff was unable to gain access to the Property. (*Id.*) Through the use of force, Plaintiff was able to gain access to the Property. (*Id.* at ¶28.) Upon entering the Property, Plaintiff discovered (1) an "REO Entry Log" taped to the kitchen counter and (2) that the garage door opener was disconnected. (*Id.*) After further inspection, Plaintiff discovered that building supplies, tools, and personal property were missing from the Property. (*Id.* at ¶29.) Enraged by the unauthorized trespass to the Property, Plaintiff called PNC to inform PNC of his startling discovery. (*Id.* at ¶30.) PNC denied any involvement in the trespass and referred Plaintiff to Safeguard for more information. (*Id.* ¶¶30-31.) Upon speaking to a Safeguard representative, Plaintiff was informed that Safeguard was hired by PNC to perform property preservation at the Property "now that it is bank-owned." (*Id. at* ¶32.) Upon discovering that Safeguard performed the property preservation services at PNC's direction, Plaintiff contacted PNC via phone. (*Id.* at ¶¶34-35.) During the call, PNC (1) advised Plaintiff that it ordered the property preservation services because PNC's vendor deemed the property abandoned; (2) denied any wrongdoing; and (3) blamed Safeguard for the missing personal property. (*Id.* at ¶¶35-36.) On or about August 6, 2019, some of Plaintiff's personal property was returned. (*Id.* at ¶37.)

Despite having actual knowledge that Plaintiff objected to Safeguard's entry into the Property, Safeguard again entered the Property without authorization on multiple occasions. (*Id.* at ¶¶46-56.) During one of the visits, Safeguard improperly "winterized" the Property, causing flooding and water damage in the basement of the Property. (*Id.*) As a result of the water damage,

Plaintiff was forced to pull the Property from the market and Plaintiff eventually lost the Property via foreclosure. (*Id.* at ¶64.)

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

### I. Plaintiff's Negligence Claim Against Safeguard (Count VII) is Adequately Pled and Should Not Be Dismissed

"To prove a defendant's negligence under Illinois law, a plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Hutchison v. Fitzgerald Equip. Co., Inc.,* 910 F.3d 1016, 1022 (7th Cir. 2018). Safeguard contends that Plaintiff's negligence claim fails because "at no point in time did Safeguard exercise control or dominion over the Property or Plaintiff's personal property as alleged in the Complaint." (Def. Mot. pg. 3). Safeguard's contention must fail because it blatantly ignores the allegations in Plaintiff's Complaint, which must be accepted as true at the pleading stage. *See Fednav Int'l Ltd.*, 624 F.3d at 837 (in ruling on a motion to dismiss, court must "accept as true all well-pleaded factual allegations" in a complaint). Specifically,

Plaintiff's Complaint is riddled with detailed allegations that Safeguard exercised control or dominion over the Property:

> 25. On or about July 31, 2018, PNC issued a work order(s) to Safeguard to perform property preservation services at the Property. (Complt. ¶25.)
>
> 32. Safeguard informed Plaintiff that they were contracted to perform preservation services on the Property "now that it is bank-owned." (Compl. ¶32)
>
> 48. Notwithstanding, Safeguard, once more, entered the Property to "winterize" it themselves. (Compl. ¶48)
>
> 49. Safeguard also entered Plaintiff's Property on January 4, 2019 without consent. (Compl. ¶49)
>
> 50. Safeguard discovered the basement flooded, and returned on January 10, 2019. (Compl. ¶50)
>
> 52. On February 11, 2019, Safeguard came back only to discover the basement flooded once more. (Compl. ¶52)
>
> 53. Two day later, on February 13, 2019, Safeguard replaced Plaintiff's sump pump. (Compl. ¶53)
>
> 54. On March 16, 2019, Safeguard returned and discovered the breakers off and the basement flooded again. (Compl. ¶54)
>
> 55. Safeguard turned the breakers back on, and water was removed from the basement. (Compl. ¶55)
>
> 134. [Safeguard] *voluntarily exercised control and dominion over the Property and Plaintiff's personal property*. Once a party voluntarily undertakes to perform a service, it must do so in a manner that does not increase the risk of harm to the person affected by the undertaking. (Compl. ¶134) (emphasis added)
>
> 135. [Safeguard] took affirmative steps to control access to and possession of the Property by changing the locks and unplugging the garage door opener, restricting access for a period of time, replacing Plaintiff's sump pump, and *exercising dominion and control over the personal property therein*. (Compl. ¶135) (emphasis added)

As demonstrated by the face of Plaintiff's Complaint, Plaintiff alleges that not only did Safeguard exercise control and dominion over the Property, but that it also acknowledged that PNC hired it do the same. (Compl. at ¶32.) Given that the Court must accept Plaintiff's allegations that

5

Safeguard exercised control or dominion over the Property as true at the pleading stage, Safeguard's denial of the same must be rejected as a matter of law.

Safeguard next contends that Plaintiff's negligence claim also fails because Plaintiff "fails to allege with any detail how Safeguard breached its purported duty." (Def. Mot. pg. 3.) This contention must fail because it also ignores the face of Plaintiff's Compliant, which details how Safeguard breached its duty. Specifically, Plaintiff alleges *inter alia*:

> 136. [Safeguard] breached [its] duty to take reasonable steps to protect the Property and the personal property contained therein, comply with the law, or follow the practices and procedures within its own manuals and work order guidelines. (Compl. ¶136)
>
> 137. [Safeguard] breached [its] duty by (a) failing to protect or secure the Property and its contents; (b) violating the law; (c) failing to allow its own formalized procedures, and (d) failing to use reasonable care when "securing" the subject property. (Compl. ¶137)
>
> 138. [Safeguard] breached [its] duty to act prudently by absconding with Plaintiff's personal property and by failing to prevent any property loss after voluntarily exercising control and dominion over the Property and its contents. (Compl. ¶138)

Realizing its contention is refuted by the face of Plaintiff's Complaint, Safeguard pivots and discounts Plaintiff's allegations as "broad and unsupported." Unfortunatley for Safeguard, Plaintiff is not required "to prove his case at the pleading stage." *Muir v. NBTY, Inc.,* 2016 U.S. Dist. LEXIS 129494, at *20 (N.D. Ill. 2016); *see also Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2004) ("[E]vidence is not required at the pleading stage"). Given that Plaintiff need not prove his case or submit evidentiary support at the pleading stage, Safeguard's contention that Plaintiff's claims are "broad and unsupported" must fail as a matter of law.

Notably, Courts in this district have repeatedly held that allegations of faulty property preservation services ordered by mortgage companies to be sufficient to sustain a negligence claim. In *Fannie Mae v. Obradovich,* 2016 U.S. Dist. LEXIS 41522, at *16-17 (N.D. Ill. 2016), a case involving Safeguard and on all fours with this case, the court found that a plaintiff's allegations that Safeguard performed improper property preservation services were sufficient to

6

sustain a negligence claim at the pleading stage. As the *Obradovich* court correctly highlighted, "[t]ort liability is commonly imposed upon strangers to the plaintiff, however, if they have failed to take reasonable care to avoid foreseeable injury to plaintiff." *Id.* at \*16. Here, as in *Obradovich,* Plaintiff alleges that Safeguard, acting on behalf of a mortgage servicer, performed faulty property preservation services that resulted in water damage that decreased the value of the underlying property. (Compl. ¶¶64, 136-138.) There is no question that Safeguard, upon voluntarily undertaking the property preservation services at the Property, owed Plaintiff a duty to act reasonably and act in a manner that does not increase the risk of harm to Plaintiff. Plaintiff sufficiently alleges that Safeguard breached its duty to Plaintiff by failing to (1) protect the Property; (2) use reasonable care when "securing" the Property; (3) use reasonable care in "winterizing" the Property; and (4) prevent property loss during the property preservation services it rendered. (Compl. ¶¶64, 136-138.) Accordingly, this Court should find that such allegations support a negligence claim at the pleading stage.

Likewise, in *Thakkar v. Ocwen Loan Servicing, LLC,* 2017 U.S. Dist. LEXIS 143824, at \*17 (N.D. Ill 2017), the court found that plaintiff's allegations of faulty property preservation services at a property that was occupied and not abandoned to be sufficient to state a negligence claim at the pleading stage. Accordingly, this Court should come to the same correct conclusions in *Obradovich* and *Thakkar* and similarly find that Plaintiff's allegations of faulty property preservation services conducted by Safeguard to be sufficient to sustain a negligence claim at the pleading stage.

## **CONCLUSION**

Safeguard's Motion blatantly ignores the face of Plaintiff's Complaint and the applicable standard at the pleading stage. Plaintiff has adequately pled his negligence claim against Safeguard. Accordingly, Safeguard's Motion must be denied as a matter of law.

Dated: October 5, 2020               Respectfully submitted,

/s/ *Mohammed O. Badwan*
Mohammed. O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8180
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2020, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to all counsel of record.

/s/ *Mohammed O. Badwan*