UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO SPIZZIRRI, JR., | ) | |
| | ) | Case No. 20-cv-03839 |
| Plaintiff | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| PNC BANK, N.A., and SAFEGUARD | ) | |
| PROPERTIES MANAGAMENT, LLC | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Safeguard Properties Management, LLC moves to dismiss Count VII of the complaint for failure to state a claim. For the reasons set forth below, defendant's motion is denied.

**Background**

The Court takes the following facts from plaintiff's complaint as true for purposes of defendant Safeguard's motion to dismiss. Plaintiff Antonio Spizzirri, Jr., is an Illinois resident who owns the property at issue in Plainfield, Illinois ("Property"). The Property was originally secured by a mortgage in 2007. In 2015, Plaintiff refinanced a loan that was secured by the Property. This refinancing was obtained by a mortgage for PNC Mortgage (a division of PNC Bank) and that mortgage was secured by a promissory note from plaintiff. In 2016, plaintiff rented the Property, but left personal items there. After issues with renters in 2017, plaintiff attempted to discuss hardship assistance options with PNC Bank ("PNC"). PNC informed him that "an option" could only be considered after plaintiff's loan was delinquent for two months.

Once plaintiff's loan became delinquent, plaintiff again contacted PNC for hardship assistance, evicted the tenant, and listed the Property for sale. Plaintiff continued to visit the Property, maintain the utilities, and keep the Property in good condition. In 2018, PNC initiated

1

mortgage foreclosure proceedings against plaintiff and the Property. PNC also issued a work order to defendant Safeguard to provide property preservation services. When plaintiff attempted to access the Property, he saw a lockbox on the door, that the locks on the doors had been changed, and his garage door opener was not working. He managed to enter the Property and saw that supplies, tools, and personal items were missing.

Plaintiff called PNC, who denied involvement. He called Safeguard, who told plaintiff that they had a contract to perform preservation services on the property since the property was "bank-owned." Plaintiff again called PNC, who admitted to sending Safeguard to the property. Months later in 2018, plaintiff submitted a request for hardship assistance after a short sale offer for the property. PNC denied the request and plaintiff kept the property on the market.

Sometime after the denial, plaintiff discovered water in the property and that the sump pump had been unplugged. Around this time, plaintiff winterized the property. On January 4, 2019, Safeguard entered the property and saw that the basement was flooded. Safeguard returned on January 10, 2019 to remove the water and considered the sump pump operable. It next returned on February 11, 2019 and the basement had flooded again. It replaced the sump pump on February 13, 2019. It returned on March 16, 2019, when they discovered breakers were off and the basement had flooded another time. It turned the breakers back on and removed the water. Because of the damage from the flooding, plaintiff removed the property from the market.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Analysis**

In order to sufficiently plead a negligence claim, a plaintiff must allege "a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Hutchison v. Fitzgerald Equip. Co., Inc.,* 910 F.3d 1016, 1022 (7th Cir. 2018). Defendant Safeguard argues that plaintiff's negligence claim against it must be dismissed because plaintiff has not alleged it was owed a duty by defendant. Defendant further argues that it did not exercise control or dominion over the Property or plaintiff's personal items "as alleged in the Complaint." Dkt. 17, pg. 3. It is unclear whether defendant means to suggest that plaintiff's allegations are false (which would be an impermissible argument for purposes of a motion to dismiss) or that plaintiff has failed to allege control or dominion.

Plaintiff responds that he has pled the elements of negligence. Plaintiff argues that his complaint includes detailed allegations that defendant exercised control or dominion over the Property, which could presumably create a duty. Plaintiff also suggests that defendant owed a duty of reasonable care to plaintiff, which Illinois law recognizes. *See Fed. Nat'l Mortg. Ass'n v. Obradovich*, 2016 WL 1213920, at *5 (N.D. Ill. Mar. 29, 2016) (Wood, J.) (noting that Illinois law commonly imposes tort liability on strangers for failure to use reasonable care). Plaintiff further argues that defendant breached its duty by failing to protect the property, failing to use reasonable care in securing the Property, failing to use reasonable care in winterizing the Property, and failing to prevent property loss (referring to the personal items that disappeared). Finally, plaintiff argues that defendant's breach caused water damage that reduced the Property's value.

To survive dismissal of the negligence claim, plaintiff must plead allegations that are more than speculative. Plaintiff is not required to plead the extensive list of allegations that defendant claims plaintiff must make. Plaintiff is also not required to prove that defendant exercised control over the Property. As plaintiff notes, motions to dismiss are not evidentiary evaluations. Plaintiff must simply allege enough factual content to support a reasonable inference that defendant is liable for negligence. Plaintiff's complaint includes detailed allegations of defendant's duty, breach of that duty, and injuries caused by the breach. For example, plaintiff alleges that defendant admits PNC hired it to perform services on the Property. Compl. ¶ 32. This contract creates a duty. Additionally, plaintiff alleges that defendant voluntarily exercised control and dominion over the Property. Compl. ¶ 134. This allegation suggests a voluntarily assumed duty. Plaintiff also alleges that defendant breached its duty by failing to protect the Property, failing to use reasonable care in securing the Property, and by taking plaintiff's personal property. Compl. ¶ 137-138. Specifically, plaintiff suggests that defendant's winterization efforts were unsuccessful and resulted in damage from flooding. Compl. ¶ 51-54. Plaintiff has stated a claim for relief based on the facts alleged.

**Conclusion**

Based on the foregoing, defendant's motion to dismiss Count VII [17] is denied.

IT IS SO ORDERED.

Date: 2/23/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4