UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SPIZZIRRI, JR., | |
| Plaintiff, | Case No. 1:20-cv-03839 |
| v. | |
| | Honorable Judge Sharon J. Coleman |
| PNC BANK, N.A. and SAFEGUARD PROPERTIES MANAGEMENT, LLC, | |
| | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S MOTION TO HOLD GALVEZ REMODELING, INC. IN CONTEMPT
FOR FAILURE TO RESPOND TO SUBPOENA**

**NOW COMES** Antonio Spizzirri, Jr. ("Plaintiff"), and pursuant to Fed. R. Civ. P. 45(g), moving the Court for an order holding third-party Galvez Remodeling, Inc. ("GRI") in civil contempt for its failure to respond to a subpoena issued pursuant Fed. R. Civ. P. 45, and in support thereof, stating as follows:

**FACTUAL BACKGROUND**

1. On June 30, 2020, Plaintiff filed the instant case against PNC Bank, N.A. ("PNC") and Safeguard Properties Management, LLC ("Safeguard") (collectively, "Defendants") seeking redress for breach of contract, intentional infliction of emotional distress, intrusion upon seclusion, trespass to real property, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), conversion, and negligence. [Dkt. 1]

2. Plaintiff contends that Defendants unlawfully broke into his property, changed the locks, damaged his property, and absconded with his personal property.

3. Defendants contend that their conduct was authorized by the mortgage encumbering Plaintiff's property.

1

4. During the course of the litigation, Safeguard disclosed that it hired GRI to perform "property preservation services" at Plaintiff's property and that GRI has knowledge regarding the facts that give rise to Plaintiff's claims.

5. On April 15, 2021, Plaintiff's counsel issued a document subpoena to GRI ("Document Subpoena") pursuant to Fed. R. Civ. P. 45 requesting the production of documents that are relevant to Plaintiff's claims. *See* attached Exhibit A, a true and correct copy of the Document Subpoena.

6. On April 17, 2021, the Document Subpoena was served on GRI via certified mail to GRI's registered agent's address. *See* attached Exhibit B, a true and correct copy of USPS Delivery Confirmation.

7. Pursuant to the Document Subpoena, the deadline for GRI to respond to the Document Subpoena was May 15, 2021.

8. On April 19, 2021, Dalila Galvez ("Galvez"), GRI's registered agent and President, placed a phone call to Plaintiff's counsel to discuss the Document Subpoena. During this call, Galvez assured Plaintiff's counsel that GRI would fully cooperate with the Document Subpoena by the deadline.

9. Despite the assurance to comply, GRI did not respond to the Document Subpoena by the May 15, 2022 deadline.

10. On August 31, 2021, Plaintiff's counsel issued a third-party deposition subpoena to GRI ("Deposition Subpoena") requiring GRI to appear for a Zoom deposition on September 20, 2021. *See* attached Exhibit C, a true and correct copy of the Deposition Subpoena.

11. On August 31, 2021, Plaintiff's counsel placed a phone call to Galvez to (1) discuss GRI's failure to comply with the Document Subpoena; and (2) notify GRI of the Deposition Subpoena.

12. During this call, Galvez advised Plaintiff's counsel that (1) GRI will respond to the Document Subpoena by September 14, 2021; and (2) GRI will appear for its deposition on September 20, 2021.

13. On September 13, 2021, Plaintiff's counsel placed a phone call and sent an email to Galvez regarding the outstanding response to the Document Subpoena. Galvez did not answer the call or respond to the email.

14. On September 15, 2021, Plaintiff's counsel sent an email to Galvez advising that GRI's deposition will not be proceeding on September 20, 2021.

15. On September 15, 2021, Galvez called Plaintiff's counsel and advised Plaintiff's counsel that GRI gathered the documents responsive to the Document Subpoena and intended on producing the same **until Safeguard instructed GRI not to respond to the Document Subpoena**. Specifically, Galvez advised Plaintiff's counsel that Safeguard instructed GRI to not respond to the Document Subpoena because Safeguard has or will produce the responsive documents.

16. In response, Plaintiff's counsel warned Galvez that GRI has a legal obligation to respond to the Document Subpoena and that GRI can be held in contempt of court for failing to comply with the Document Subpoena. In response to the warning, Galvez advised Plaintiff's counsel that GRI will respond to the Document Subpoena "ASAP."

17. On September 15, 2021, Plaintiff's counsel placed a call to Safeguard's counsel and advised Safeguard's counsel of Galvez' bombshell representation to Plaintiff's counsel that

Safeguard instructed GRI to not respond to the Document Subpoena. In response, Safeguard's counsel advised Plaintiff's counsel that Safeguard's instruction to Galvez, if true, was inappropriate and that Safeguard's counsel will investigate the representation made by Galvez.

18. Despite Galvez' assurance that GRI will respond to the Document Subpoena "ASAP", GRI did not respond.

19. On December 13, 2021, Plaintiff's counsel sent an email to Galvez demanding that GRI respond to the Document Subpoena no later than December 16, 2021.

20. On December 16, 2021, Plaintiff's counsel issued a second third-party deposition subpoena to GRI ("Second Deposition Subpoena") requiring GRI to appear for a Zoom deposition on February 22, 2021. *See* attached Exhibit D, a true and correct copy of the Second Deposition Subpoena.

21. Also on December 16, 2021, Plaintiff's counsel sent a letter via email to Galvez ("Letter") demanding that GRI respond to the Document Subpoena no later than December 31, 2021. *See* attached Exhibit E, a true and correct copy of the Letter.

22. On December 16, 2021, in response to the Letter, Galvez called Plaintiff's counsel and advised Plaintiff's counsel that Safeguard will be producing the documents requested in the Document Subpoena. In response, Plaintiff's counsel again warned Galvez that it has an independent legal obligation to respond to the Document Subpoena and that GRI could be held in contempt of court for failing to respond to the Document Subpoena. In response, Galvez assured Plaintiff's counsel that GRI will promptly respond to Document Subpoena. Plaintiff's counsel further advised Galvez that Plaintiff will be issuing another deposition subpoena to GRI for February 22, 2022. In response, Galvez advised Plaintiff's counsel that GRI will appear for its deposition on February 22, 2022.

23. On January 3, 2022, Galvez sent an email to Plaintiff's counsel claiming that all material responsive to the Deposition Subpoena has been either destroyed or deleted. *See* Exhibit F, a true and correct copy of Galvez' email.

24. Remarkably, Galvez' representation in the email that the responsive documents were destroyed or deleted was inconsistent with her prior representation that GRI had gathered the responsive documents and was prepared to comply with the Document Subpoena. *See* Paragraph 15.

25. Despite being served with the Document Subpoena and repeated assurances that it would comply with the Document Subpoena, GRI has failed to comply with the Document Subpoena.

**ARGUMENT**

**I.     The Court Should Hold GRI in Contempt for its Failure to Comply with the Subpoena**

26. "A court 'may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it.'" *Apollo v. Stasinopoulos*, 2020 U.S. Dist. LEXIS 104786, at *2 (N.D. Ill. 2020) *citing* Fed. R. Civ. P. 45(g).

27. To prevail on a request for a contempt finding, a party "must establish by clear and convincing evidence that: (1) a Court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Keen v. Merck Sharp & Dohme Corp.*, 2019 U.S. Dist. LEXIS 64303, at *8 (N.D. Ill. 2019) *citing United States SEC v. Hyatt*, 621 F.3d 687, 690 (7th Cir. 2010).

28. If a party does not object to a subpoena, "Rule 45(g) does not require the court to first order compliance before imposing the sanction of contempt." *Apollo,* 2020 U.S. Dist. LEXIS 104786, at *2.

29. As set forth above, GRI was adequately served with the Document Subpoena and has brazenly failed to comply with the same despite repeated assurances that it would comply.

30. Accordingly, this Court should hold GRI in contempt for its willful failure to comply with the Document Subpoena.

31. Plaintiff has been significantly prejudiced by GRI's willful non-compliance as the documents sought in the Document Subpoena are central to Plaintiff's claims against Defendants.

32. The Subpoena, *inter alia*, seeks communications between Safeguard and GRI, which will reveal critical facts surrounding the "property preservation services" and resulting property damage that give rise to Plaintiff's claims.

33. The information sought is *highly* material to Plaintiff's claims against Defendants and has resulted in significant prejudice to Plaintiff.

34. Plaintiff is further prejudiced by GRI's non-compliance as Plaintiff cannot effectively take Defendants' depositions without the critical information that is sought in the Document Subpoena.

35. Accordingly, GRI's non-compliance has delayed depositions and may impact Plaintiff's ability to complete discovery by the May 30, 2022 deadline.

36. Based on the foregoing, there is good cause for the Court to hold GRI in contempt for its willful non-compliance with the Subpoena.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) An order holding GRI in contempt for its willful non-compliance with the Document Subpoena;

b) An order requiring a Safeguard representative to personally appear and respond to Galvez' claim that Safeguard instructed GRI to not respond to the Document Subpoena;

c) An order sanctioning GRI in an amount to be determined by the Court for its willful non-compliance with the Document Subpoena;

d) An order compelling GRI to respond to the Document Subpoena within seven (7) days;

e) In the alternative, to the extent the responsive material has been destroyed or deleted as represented by Galvez, an order requiring Galvez and/or GRI to provide live testimony, under oath, regarding the alleged destruction/deletion of the responsive material;

f) An order awarding Plaintiff his attorney's fees and costs for having to compel compliance with the Document Subpoena; and

g) Any further relief this Court deems just and proper.

Dated: April 20, 2022                                         Respectfully Submitted,

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Mohammed O. Badwan, certify that on April 20, 2022, I caused the foregoing Motion to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system and upon Galvez Remodeling, Inc. via certified mail to its registered agent's address: 2332 184th Place, Lansing, IL 60438.

                                                        /s/ *Mohammed O. Badwan*