UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SPIZZIRRI, JR., <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A. and SAFEGUARD PROPERTIES MANAGEMENT, LLC, <br><br> Defendants. | Case No. 1:20-cv-03839 <br><br> Honorable Judge Sharon J. Coleman |

**PLAINTIFF'S SECOND MOTION TO EXTEND DEADLINE TO REINSTATE CASE OR IN THE ALTERNATIVE REINSTATE CASE**

**NOW COMES** Plaintiff, ANTONIO SPIZZIRRI, JR., by and through his undersigned counsel, moving this Honorable Court for an order extending the deadline to reinstate the case or in the alternative reinstating the case, and in support thereof, stating as follows:

1. On May 16, 2022, Plaintiff and Defendants PNC Bank, N.A. ("PNC") and Safeguard Properties Management, LLC ("Safeguard") reached a global settlement. [Dkt. 84]

2. On May 16, 2022, the Court entered an Order dismissing the case without prejudice for 45 days, to convert to a dismissal with prejudice if no motion to reinstate is filed by June 30, 2022. [Dkt. 86]

3. On June 29, 2022, Plaintiff filed a Motion to Extend the Reinstatement Deadline ("Plaintiff's Motion") citing Defendants' delay in getting Plaintiff a draft settlement agreement. [Dkt. 88]

4. On June 30, 2022, the Court entered an order granting Plaintiff's Motion and extending the deadline to reinstate the case through August 15, 2022. [Dkt. 89]. The Court's order explicitly stated that the extension "is the final extension." *Id.*

5. On July 22, 2022, after repeated requests from Plaintiff's Counsel, Defendants finally tendered a draft settlement agreement to Plaintiff's Counsel.

6. On July 26, 2022, Plaintiff's Counsel sent requested revisions to Defendants' Counsel.

7. Safeguard's counsel quickly accepted Plaintiff's revisions.

8. PNC approved Plaintiff's revisions on August 10, 2022.

9. Safeguard has satisfied its settlement obligations.

10. Plaintiff and PNC are in the process of completing their respective settlement obligations and need an additional 21 days to consummate the settlement.

11. While Plaintiff is cognizant that the Court's June 30, 2022 order stated that no further extensions would be granted, Plaintiff submits there is good cause to extend the deadline to reinstate a second time through September 5, 2022.

12. Specifically, as set forth above, the delay in consummating the settlement is not attributable to Plaintiff.

13. To the extent the Court is not inclined to extend the reinstatement deadline, Plaintiff requests that the Court reinstate the case so PNC and Plaintiff can consummate the settlement.

14. Plaintiff's Counsel conferred with Defendants' Counsel and Defendants do not oppose the extension of the deadline to reinstate the case.

15. The relief sought herein will not prejudice any of the Parties and is sought in good faith.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order extending the reinstatement date through September 5, 2022, and grant any further relief the Court deems appropriate.

Dated:  August 15, 2022						Respectfully submitted,

							s/ *Mohammed O. Badwan*

							Mohammed O. Badwan
							Sulaiman Law Group, Ltd.
							2500 S. Highland Ave., Ste. 200
							Lombard, IL 60148
							Phone (630)575-8180
							mbadwan@sulaimanlaw.com
							*Counsel for Plaintiff*

3

## **CERTIFICATE OF SERVICE**

I, Mohammed O. Badwan, certify that on August 15, 2022, the foregoing document was filed electronically using the Court's CM/ECF system, which will accomplish service on all counsel of record.

/s/ *Mohammed O. Badwan*